McNAIR v. INGRAHAM.

SAME v. SAME.

1. After twenty years a judgment is presumed to have been paid, but it is a presumption of fact, and may be rebutted by proper acknowledgments.

2. An execution more than twenty years old was renewed by order of court, the defendant having failed to appear and show any cause in answer to a summons properly served upon him. *Held*, that this renewal was an acknowledgment by defendant that the judgment was a subsisting lien, that the matter was *res judicata*, and the renewal

execution valid, and that a sale of defendant's land thereunder gave title to the purchaser. [1]

3. This case distinguished from *Tobin* v. *Myers*, 18 *S. C.*, 324.

Before Fʀᴀsᴇʀ, J., Chesterfield, April, 1883.

The opinion states the cases.

*Mr. W. L. T. Prince*, for appellant.

*Mr. Knox Livingston*, contra.

In action for the recovery of real estate, the plaintiff must recover on the strength of his own title. *Tyler Eject.*, 72; 14 *S. C.*, 483; 15 *Id.*, 268. In making a sale, there must be a valid process to which the sheriff can refer his authority. *Rorer Jud. Sales*, § 590; 1 *Hill*, 416; 1 *Bailey*, 618; 13 *Rich. Eq.*, 246. In execution sales, both judgment and execution are necessary links in the title. *Rorer*, § 794; 1 *Nott & McC.*, 408; 2 *Id.*, 418; 18 *S. C.*, 327. If either be wanting, the sheriff had no authority to sell, and the purchaser takes nothing. *Ibid.*; 3 *Rich.*, 120; 14 *S. C.*, 483. Over twenty years had elapsed since the entry of judgment, and therefore it was presumed to have been paid. 2 *Hill Ch.*, 234; 1 *Rich. Eq.*, 55; 3 *Strob.*, 450; 5 *Rich.*, 501; 14 *S. C.*, 100; 17 *Id.*, 485; 18 *Id.*, 328. The issuing, and renewal by summons, of the executions did not rebut this presumption of payment, for the presumption begins to run from the entry of judgment, and subsequent admissions must be such as would revive a debt barred by the statute of limitations, and that is an express promise to pay. *Dudley*, 121; *Harper*, 355; 2 *Bailey*, 278; 6 *Rich.*, 117; 15 *Id.*, 374; 14 *S. C.*, 102. There was no such promise in the defendant's default of appearance. If the summons had been issued before the expiration of twenty years, would a plea of payment in an action afterwards brought on the judgment fail? If not, then *a fortiori* not here. The order on the default was not *res judicata* of the question here involved. 2 *Sm. Lead. Cas.*, 424; 15 *S. C.*, 576; 17 *Id.*, 40; 18 *Id.*, 209. The renewal of the execution was not

---

[1] See next succeeding case, *Freer* v. *Tupper*.

a revival of the judgment. 3 *McCord*, 419; 2 *Strob.*, 218; *Code*, §§. 310, 424.    Otherwise, a judgment could be collaterally renewed, and fatal defects therein would be cured, and the execution alone a sufficient proof of title.    In *Jackson* v. *Patrick*, 10 *S. C.*, 207, and *Bull* v. *Rowe*, 13 *Id.*, 362, the plaintiffs sought relief from judgments which they had previously had an opportunity to attack.    No such principle is here involved.

April 3, 1884.    The opinion of the court was delivered by

Mr. Justice McGowan.    These cases were heard together. The first was an action to recover fifty-one acres of land, which the plaintiff purchased at sheriff's sale on March 6, 1882, under a judgment and execution obtained by one N. D. Stricklin in his life-time, against the defendant, Peter Ingraham.    The second was an action to recover possession of another tract of fifty acres of land, also purchased by the plaintiff at sheriff's sale on July 9, 1882, under the same judgment and execution against Peter Ingraham, the defendant, Thomas Ingraham, being in possession of this tract.    The defence was, that at the time the lands were sold by the sheriff, he had no authority to sell, and therefore his conveyances of the two tracts to the plaintiff were both void.

It appeared that the judgment against Peter Ingraham had been recovered on September 21, 1859; that execution was duly entered thereon; that the judgment was destroyed by Sherman's army during the war, but the execution was not; that this execution having lost its active energy, one John J. Wilson, administrator of the said Stricklin, the judgment creditor, on January 1, 1881, procured to be issued his summons against the said Peter Ingraham, the defendant in execution, requiring him "to be and appear at the next term of the court, &c., and then and there to show cause, if any you can, why said execution should not be renewed according to law in favor of the said administrator," &c.; that the said Peter Ingraham was regularly served with said summons, but failed to make any defence; and that on June 2, 1881, an order was passed renewing said execution; which renewed execution was levied on those lands, which were at different times sold by the sheriff and purchased by the plaintiff, to whom the sheriff executed titles.

After the plaintiff had closed his testimony, the defendant moved for a non-suit, on the ground that the judgment was more than twenty years old and presumed to be paid, when the proceedings to renew the execution were instituted, and was therefore *functus officio;* and the renewed execution being a nullity, the sheriff had no authority to sell. The presiding judge granted the non-suit, and the plaintiff appeals to this court on the following exceptions:

1. "Because the plaintiff, having made a *prima facie* case, was entitled to go to the jury thereon.

2. "Because, admitting that a presumption of payment of the judgment would arise from lapse of time, the objection to plaintiff's case should have been urged as matter of defence, and not on motion for non-suit.

3. "Because the plaintiff should have been allowed the opportunity to rebut the presumption of payment.

4. "Because the defendant in execution is estopped from denying or attacking the title of the purchaser at sheriff's sale.

5. "Because the validity of the judgment is *res adjudicata* by the proceedings renewing the execution, and defendants are estopped thereby.

6. "Because the defendants are estopped from objecting to any error or irregularity in the proceedings under which the sale was made.

7. "Because the errors and irregularities in such case must be corrected by a direct proceeding for that purpose, and cannot be made available by way of a collateral attack."

The judgment was rendered on September 21, 1859, and the lands were not sold until 1882, more than twenty years thereafter; and we may say in passing, that if, in the meantime, there had been no act or admission on the part of the defendant in execution, or failure to act when properly called upon to do so, the presumption of payment from lapse of time would have been complete, and the sales by the sheriff void. But the presumption which arises from lapse of time is not one of law and conclusive, but of fact, and may be rebutted by acknowledgments, in analogy to the principles regulating admissions to take a case out of the statute of limitations. *Boyce* v. *Lake,* 17 *S. C.,* 481.

This being the case, we think the renewal of the execution after the lapse of twenty years from the date of its rendition, without objection on the part of the defendant in execution, was the most conclusive acknowledgment by him, that the judgment had been kept alive by admissions on his part, and was a valid subsisting lien at the time. Having had a formal opportunity to show that such was not the fact; that there had been no admissions or promises, and therefore the judgment must be presumed to have been paid, and having failed to do so when he was served with summons for renewal, he cannot now make the defence, but is bound by that kind of estoppel which is known as *res adjudicata.* The defence could have been made, indeed the proceeding challenged him to make it, and failing to make it, the result must be the same as if he had formally made it and failed. *Ingram* v. *Belk,* 2 *Strob.,* 207 ; *Jackson* v. *Patrick,* 10 *S. C.,* 197 ; *Lawrence* v. *Grambling,* 13 *Id.,* 127 ; *Trimmier* v. *Thomson,* 19 *Id.,* 253. The precise point was made in the case of *Jackson* v. *Patrick, supra,* where it was ruled as follows : "Where a judgment debtor served with a rule to show cause why the execution should not be renewed, has a valid defence which he neglects to make, he is estopped by the judgment renewing the execution, and cannot afterwards be relieved therefrom."

There is nothing in the case of *Tobin* v. *Myers,* 18 *S. C.,* 324, inconsistent with the views here presented. The point ruled in that case was that "a judgment will be presumed paid after twenty years have elapsed since its entry, notwithstanding *an exparte* renewal of the *fi. fa.* within that time." The attempted renewal there was only the act of the plaintiff in execution, without serving the defendant or giving him an opportunity to be heard on the question. The very ground upon which the estoppel proceeds is that the defendant had an opportunity to make the defence and failed to do so. As was said in that case, quoting from *Dillard* v. *Brian,* 5 *Rich.,* 501 : "To explain the indulgence, there must be some act or admission *on the part of the defendant,* showing the continuance of the debt. In the issuing, returning, and renewing of executions (by mere copy), the defendant has no action. It may be done and redone for forty years, and unless he is astute enough to examine the clerk's and sheriff's offices, he will be ig-

norant of the facts." Such, however, is not the case, where the defendant is served with the summons proposing to renew the execution.

The judgment of this court is, that the non-suit in each of the cases stated in the title of this opinion be set aside, and said cases remanded to the Circuit Court for such further proceedings as may be thought necessary in conformity with the conclusion herein announced.